```
 1  RUTAN & TUCKER, LLP
    Mark J. Payne (State Bar No. 157989)
 2  mpayne@rutan.com
    Brian C. Sinclair (State Bar No. 180145)
 3  bsinclair@rutan.com
    611 Anton Boulevard, Fourteenth Floor
 4  Costa Mesa, California 92626-1931
    Telephone:  714-641-5100
 5  Facsimile:  714-546-9035

 6  Attorneys for Plaintiff
    FRANK LULLI
 7
    SEYFARTH SHAW LLP
 8  Laura Wilson Shelby (State Bar No. 151870)
    lshelby@seyfarth.com
 9  2029 Century Park East, Suite 3500
    Los Angeles, California 90067-3021
10  Telephone:  (310) 277-7200
    Facsimile:  (310) 201-5219
11
    SEYFARTH SHAW LLP
12  John R. Giovannone (State Bar No. 239366)
    jgiovannone@seyfarth.com
13  333 South Hope Street, Suite 3900
    Los Angeles, California 90071
14  Telephone:  (213) 270-9600
    Facsimile:  (213) 270-9601
15
    Attorneys for Defendants
16  CARRIER CORPORATION and
    ELIZABETH HAGGERTY
17
```

*NOTE CHANGES MADE BY THE COURT.*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FRANK LULLI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARRIER CORPORATION, a Delaware corporation; ELIZABETH HAGGERTY, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. SACV10-1930 CJC (AGRx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVATE INFORMATION<br><br>[Filed concurrently with Stipulation]<br><br>Judge:      Hon. Cormac J. Carney<br>Magistrate: Hon. Alicia G. Rosenberg<br>Trial Date: N/A |

Rutan & Tucker, LLP
attorneys at law

2210/028405-0001
1160246.03 a04/01/11
13271956v 1

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

# **ORDER**

GOOD CAUSE APPEARING, it is hereby ORDERED that the Parties, Defendant Carrier Corporation, Defendant Elizabeth Haggerty, Plaintiff Frank Lulli, and their respective counsel shall comply with and be bound by the provisions of the parties' Stipulation Regarding Confidential and Private Information as follows:

1. The terms of this Order and the parties stipulation shall apply to all manner and means of discovery, including inspection of books, records, magnetic or electronic media, documents and things, and all written and oral discovery. The parties are entering into this Order and the parties stipulation to protect documents and information that is competitively sensitive and or non-public personal information.

2. Any information produced in this litigation in any form that any party reasonably believes to contain proprietary, competitively sensitive, trade secret, or private (current, former, and prospective) employee information may be designated by such party as confidential by so advising counsel for all parties in writing. Documents, or portions thereof, that are considered confidential may be so designated by marking them, in their entirety, with one of the two confidentiality designations hereafter provided for in this Order and the parties stipulation (which designations are collectively referred to in this Order and the parties stipulation as "confidential"). Parties for purposes of this Stipulation include Frank Lulli, Elizabeth Haggerty, and Carrier Corporation as well as any subsidiaries, parent companies, divisions, or affiliated companies.

3. Except as specifically ordered by the Court, a producing party may designate information as "CONFIDENTIAL." CONFIDENTIAL materials may be given, shown, made available to, or communicated only to:

Rutan & Tucker, LLP
attorneys at law

2210/028405-0001
1160246.03 a04/01/11

-2-

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

a.  counsel of record, in-house legal personnel, and counsel's employees or others hired by counsel for litigation-related services to whom it is necessary that the material be shown for purposes of this litigation;

b.  counsel's third-party consultants and independent experts who are employed for the purposes of this litigation;

c.  the Court and Court personnel, stenographic reporters and videographers at depositions taken in this action (subject to ¶ 11);

d.  present officers or employees of a party who are actively assisting the party in the prosecution or defense of this litigation;

e.  any deponent, during his or her deposition, who is the party (or a current employee or member of the party, or any person who prepared or assisted directly in the preparation of the CONFIDENTIAL material) that designated the material as CONFIDENTIAL;

f.  any other deponent as to whom there is a legitimate need to disclose particular materials for purposes related to the litigation herein, such as identifying or explaining it, confirming its contents or accuracy thereof or refreshing recollection; and

g.  any party to this action.

It shall be the duty of the parties to assure that each person given access to confidential material, as defined herein, be made aware of the provisions of this Order and the parties stipulation. Persons in category 3(b) may have access to "CONFIDENTIAL" information only after signing an "Acknowledgement" in the

Rutan & Tucker, LLP
attorneys at law

2210/027347-0007
1112172.01 a04/01/11

-3-

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

form attached hereto as Exhibit A. Information designated "CONFIDENTIAL" shall not be disclosed to anyone other than the individuals specified in this paragraph.

4. CONFIDENTIAL information may also be shown or disclosed to fact witnesses or potential percipient witnesses at or in preparation for deposition or trial who are persons other than those authorized to receive such material by the terms of Paragraph 3 of this Order, provided that such witnesses or prospective witnesses first sign an Acknowledgement in the form attached hereto as Exhibit A. Notwithstanding the foregoing, if a CONFIDENTIAL document is merely going to be shown to a witness, and the witness will not retain a copy of such document, it is sufficient that such witness be verbally instructed and agree not to disclose or otherwise reveal in any manner to any other person the contents of what he or she has been shown in such CONFIDENTIAL document.

5. If a producing party believes that information produced in this litigation is of extreme competitive sensitivity to itself or others, and the producing party and its counsel reasonably and in good faith believe such information includes genuine trade secret information, the producing party may designate the information "CONFIDENTIAL — ATTORNEYS' EYES ONLY". It is intended that the CONFIDENTIAL — ATTORNEYS' EYES ONLY designation be used only for such discovery materials or court documents as is necessary to avoid serious injury to the producing party or others if such materials were disclosed to other parties or the public. Except as the Court specifically orders, information designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed only to:

    a. outside counsel of record and counsel's employees or others hired by counsel for litigation-related services to whom it is necessary that the material be disclosed for purposes of this litigation;

Rutan & Tucker, LLP
attorneys at law
2210/027347-0007
1112172.01 a04/01/11
-4-
Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

  b. outside counsel's third-party consultants and independent experts who are employed for the purposes of this litigation and who are not affiliated with, controlled by, or agents of, any party to this litigation; and

  c. the Court and Court personnel and stenographic reporters and videographers at depositions taken in this action (subject to ¶ 11).

Persons in category 5(b) may have access to information designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY," only after signing an Acknowledgement in the form of Exhibit A attached hereto. Information designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than the individuals specified in this paragraph.

6. If a receiving party believes that information produced in this litigation should have been designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by the producing party, the receiving party shall notify the producing party, and specifically identify the information at issue. Upon providing such notice, the information shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to the protections of this agreement and order.

7. A producing party's designation of information as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall in no way prevent the persons identified in Subparagraphs 5(a) and (b) from discussing their conclusions and opinions based on examination of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information (without revealing the actual content thereof) with in-house attorneys, employers of their clients, and employees of their clients.

8. If a producing party inadvertently fails to stamp or otherwise appropriately designate certain documents upon their production, it may thereafter designate such documents as "CONFIDENTIAL" or "CONFIDENTIAL —

Rutan & Tucker, LLP
attorneys at law

2210/027347-0007
1112172.01 a04/01/11

-5-

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

ATTORNEYS' EYES ONLY" by giving written notice to all parties that the material is to be so designated. All parties shall then stamp or otherwise mark the designated material as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," as described above.

9. Nothing in this Order and the parties stipulation shall prohibit a party or its counsel from disclosing CONFIDENTIAL material to (a) the persons who authored the document or material; (b) persons who previously received the document or material or a copy thereof not in violation of this Order and the parties stipulation; (c) persons employed by the producing party; or (d) any person or entity, providing that, with respect to that person or entity, the producing party and producing party's counsel first approve such disclosure.

10. All information designated as confidential material shall be used solely for the purposes of the instant action entitled *Frank Lulli v. Carrier Corporation, et al.*, filed in the United States District Court, Central District of California, Southern Division, Case No. SACV10-1930 CJC (AGRx), (the "Litigation") and for no other purpose whatsoever. By way of example, the purposes for which discovery in this case may not be used, include without limitation, any business or competitive purpose or any voluntary submission to any governmental or administrative agency.

11. A party shall not be obligated to challenge the proprietary of a "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto; provided, however, that a party objecting to such designation shall do so no later than 45 days before the trial. In the event that a party to this Stipulation disagrees at any stage of these proceedings with a designation of "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," that party shall notify the producing party in writing of the disagreement. The parties shall first try to resolve such a dispute informally and in good faith. If the dispute

Rutan & Tucker, LLP
attorneys at law

2210/027347-0007
1112172.01 a04/01/11

-6-

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving that the information has been properly designated as "CONFIDENTIAL," or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," based on the standards for such designations set forth in Paragraphs 2 and 5 herein, is on the party making the designation.

12. In the event that any party intends to submit to the Court any confidential information, that party shall comply with applicable rules to seal the documents, including Local Rule 79-5.1. If the party intending to file and/or lodge confidential information is not the party who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," the party filing or lodging the documents under seal shall notify the opposing party's counsel in writing of the intention to file/lodge confidential information with the Court no later than the date of the filing or lodging, by hand-delivery, e-mail, or facsimile. The notice shall identify by Bates stamp number or other reasonable description, the documents that are to be filed/lodged with the Court. The opposing party shall then have the duty to take all steps necessary to obtain an Order to maintain the documents under seal.

All parties agree that an election not to seek an Order placing specific documents under seal does not constitute a waiver of this Order and the parties stipulation. ~~Furthermore, any documents that the Court declines to order sealed do not lose their status as confidential information as a result.~~ /AGR/

13. All information designated as confidential information shall be kept in a controlled, secure, and segregated location. Access shall be permitted only to those persons this Order and the parties stipulation authorizes to have access to the information. Accordingly, except as otherwise provided in this Order and the parties stipulation, parties and their counsel shall not share information designated as confidential with non-parties.

Rutan & Tucker, LLP
attorneys at law

2210/027347-0007
1112172.01 a04/01/11

-7-

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

14.     Should counsel for any party desire to use confidential information, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use, make reference to the confidentiality thereof, and counsel for the designating party may at the time of that use request that any portion of the transcript containing that reference to confidential information, and that any confidential documents attached as exhibits be filed under seal with the Court, and be accorded treatment as confidential information as provided by this Order and the parties stipulation. Counsel for the parties shall exercise due care not to disclose confidential information needlessly in the public record of any proceedings.

15.     If confidential material is disclosed at a deposition, only the court reporter and those persons whom this Order and the parties stipulation authorizes to receive that material may be present. Moreover, in the case of depositions, designation of the portion of the transcript (including exhibits) that contain confidential material shall be made as follows: Upon review of the transcript by counsel for the party to whose confidential material the contents of the deposition relate, that counsel shall designate within 14 days after counsel's receipt of the transcript, by written communication to the other parties, the specific pages and lines to be designated as confidential. Counsel shall list in a separate piece of paper the numbers of pages of the transcript containing confidential material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL — ATTORNEYS' EYES ONLY. If no designation is made within 14 days after receipt of the transcript, the transcript shall be considered not to contain any confidential material.

Rutan & Tucker, LLP
attorneys at law

2210/027347-0007
1112172.01 a04/01/11

-8-

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

16. This Order and the parties stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. The production of information designated as confidential material pursuant to this Order and the parties stipulation shall in no way constitute (a) a waiver of any right to object to the production or use of the same information on other grounds; or (b) a general or limited waiver of the attorney-client, work product or other privilege or legal protection; or (c) a waiver of any right to object to the production or use of other documents in this litigation or in any other litigation. By signing this Order and the parties stipulation, a producing party is not deemed to waive any objection to the production of any document. In addition, the election by any party to disclose any portion of its confidential information to others shall not be deemed a waiver of any of the rights established by this Order and the parties stipulation. The placing of any "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

17. To the extent provided by law, the inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving notice from a party that materials have been inadvertently produced, all such materials (including all copies) shall be returned to the producing party within five business days of receipt of that notice, unless timely application is made to the Court within that period to challenge the claim of privilege.

18. Unless otherwise agreed in writing by the parties, at the conclusion of all proceedings in this litigation ( including but not limited to final adjudication of

Rutan & Tucker, LLP
attorneys at law

2210/027347-0007
1112172.01 a04/01/11

-9-

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION

any appeals or petitions for hearing, settlement, or for extraordinary writs), all information designated as confidential material and all copies thereof, and all documents reflecting confidential information that are not in the Court's custody, shall be returned to counsel for the producing party designating that information as confidential within 30 days after the conclusion of all proceedings in this Litigation. Alternatively, with the express written consent of counsel for the designating party, all documents in the possession of a party, other than the designating party, that contain any such confidential information, shall be destroyed within 30 days after the conclusion of all proceedings in this Litigation.

19. Nothing in this Stipulation shall preclude any party to this Order and the parties stipulation from disclosing or using any information or documents not obtained pursuant to discovery, even though the same information or documents may have been produced by a party and designated as confidential material.

20. In the event anyone shall violate or threaten to violate any terms of this Order and the parties stipulation, the aggrieved party may seek damages and injunctive relief, and it shall not be a defense thereto that the aggrieved party possesses an adequate remedy at law.

21. Upon conclusion of this Litigation, the Court shall retain jurisdiction to make amendments, modifications, deletions, and additions to this Order and the parties stipulation as the Court from time to time considers appropriate. The provisions of this Order regarding the use or disclosure of information designated as confidential information will survive the termination of this action, ~~and the Court will retain jurisdiction with respect to this Order.~~

**IT IS SO ORDERED.**

Dated: April 4, 2011

_Alicia G. Rosenberg_
The Honorable Cormac J. Carney
United States District Judge

Rutan & Tucker, LLP
attorneys at law

2210/027347-0007
1112172.01 a04/01/11

-10-

Case No. SACV10-1930 CJC (AGRx)
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL & PRIVATE INFORMATION